COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


WOODROW LAWRENCE, III
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 1481-00-1     JUDGE JERE M. H. WILLIS, JR.
                                        JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      E. Everett Bagnell, Judge

          Christopher P. Reagan, Assistant Public
          Defender (Office of the Public Defender, on
          brief), for appellant.

          Richard B. Smith, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his conviction of assault and battery of a

police officer in violation of Code § 18.2-57(C), Woodrow

Lawrence, III contends that the trial court erred in denying his

motion for a new trial.  We affirm the judgment of the trial

court.

                       I.   BACKGROUND

     On August 11, 1999, Officers J.M. Whitehead and T.D.

Shelton were dispatched to the corner of Davis Boulevard and the

road leading into Cogic Square Apartments to investigate a

possible drug transaction in progress.  The dispatch resulted

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

from an anonymous tip that "a black male, heavyset, wearing braids . . . [and] a yellow shirt with designs on the front . . . , [and] blue jeans" was selling drugs at that location.

Upon arriving at the scene, the officers found Lawrence talking to a young woman. They observed that he matched the description and was dressed as described in the dispatch. They approached Lawrence, informed him why they were there, and asked whether they could search him. Lawrence replied that he did not mind if they searched him. He began taking things out of his pockets and placing them on a nearby chair.

Officer Whitehead testified that he saw "a small Zip-Loc bag or a Saran Wrap bag in [Lawrence's clinched] hand." He testified that he grabbed Lawrence's arm because Lawrence "motioned like he was putting it in the chair . . . [but] attempted to place it in his left pocket." He testified that, when he asked Lawrence "what is that," Lawrence "elbowed [him] in the chest and took off running." The officers tackled Lawrence after he ran "five or ten yards." Lawrence struggled and the officers had to subdue him with pepper spray. Officer Whitehead stated that, during the struggle, Lawrence "bit [his] hand" and discarded the plastic baggie. The officers did not recover the baggie. Lawrence was arrested and charged with assaulting a police officer and with resisting arrest.

Prior to trial, Lawrence moved to suppress the evidence against him, arguing that it was obtained pursuant to an illegal

-

seizure and search.  The trial court denied the motion.  On

December 17, 1999, Lawrence was tried by a jury and was

convicted of both charges.[1]  A sentencing hearing was conducted

on April 16, 2000.  Sentence was pronounced from the bench, but

no order was entered until June 9, 2000.

On April 24, 2000, Lawrence moved to set aside the

verdicts, arguing that the trial court had erred in denying his

suppression motion in light of the United States Supreme Court's

recent decision in Florida v. J. L., 529 U.S. 266 (2000).[2]  After

hearing argument, the trial court ruled that there was "no basis

for the stop . . . therefore the arrest was not a lawful arrest,

and therefore . . . there could be no conviction for resisting

arrest."  Speaking from the bench, the trial court ordered the

resisting arrest charge dismissed.  The record before us

contains no order setting forth this holding or the disposition

of the resisting arrest charge.

---

[1] Dialogue between the court and counsel, reported in the
transcripts, discloses that Lawrence was charged with resisting
arrest.  The record before us contains no document specifying
that charge and no order effecting its ultimate disposition.

[2] In J.L., the United States Supreme Court held that an
anonymous tip giving the location and description of an
individual allegedly carrying a gun but containing "no
predictive information" about the subject's future movements
left the police "without means to test the informant's knowledge
or credibility." J.L., 529 U.S. at 271.  In that case, the
anonymous tip was held insufficient to justify a stop and frisk.
See id. at 272-73.

-

With respect to the charge of assaulting a police officer, the trial court held:

> [T]he force used by [Lawrence] is not proportionate to the degree of restraint that the officers placed on him in this particular case.
>
> Not only that, the officers were clearly police officers by their uniform and every other indication. [Lawrence] knew in fact that they were police officers. He was presented with a reasonable show of authority. Albeit later determined to be illegal. And he was not entitled to commit an assault under those circumstances.

Lawrence argued that because his seizure was unlawful, the trial court had erred in denying the following proposed instruction:

> The defendant has the right to use reasonable force to resist an unlawful arrest. If you find that the force used to resist the unlawful arrest was reasonable, then you shall find the defendant not guilty.

The trial court rejected that argument, holding:

> I find that the instruction referred to by [Lawrence] referred to the specific offense of resisting arrest. And for that reason, on that part of [Lawrence's] motion, I don't find that the jury was improperly instructed by the denial of an instruction that related to the specific offense of resisting arrest, which was one of the charges in this case.

The record before us contains no order setting forth the foregoing ruling. It contains only an order of conviction and sentence, entered June 9, 2000, upholding the jury verdict finding Lawrence guilty of assaulting a police officer in the

-

context of the evidence that we have recited in this opinion. The evidence sufficiently supports that judgment.

The evidence supports the finding that the initial encounter between the police officers and Lawrence was consensual and non-coercive.  Lawrence agreed to be searched and proceeded to empty his pockets himself.  While the anonymous tip was insufficient to support a seizure, it provided a context within which Officer Whitehead's observation of the small Zip-Loc or Saran Wrap bag as to which Lawrence acted furtively gave him probable cause to believe that Lawrence possessed contraband.  This supported the seizure that occurred when Officer Whitehead grabbed Lawrence's arm.  Lawrence's flight, apprehension, and his biting Officer Whitehead's hand all followed that seizure, in the course of the officers' lawful performance of their duty.

The judgment of the trial court is affirmed.

Affirmed.